```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        NORTHERN DIVISION
```

**GREGORY HAYES, #146872**                                        **PLAINTIFF**

**VERSUS**                            **CIVIL ACTION NO. 3:14-cv-904-TSL-RHW**

**JOHN DOE**                                                       **DEFENDANT**

<u>MEMORANDUM OPINION</u>

This cause is before the court, *sua sponte*, for consideration of dismissal. Plaintiff Hayes, an inmate currently incarcerated at the East Mississippi Correctional Facility (EMCF), filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. Plaintiff was granted permission to proceed *in forma pauperis* on March 17, 2015. *See* Order [8]. Upon liberal review of plaintiff's complaint [1] and response [7], the court has reached the following conclusions.

**I. Background**

Plaintiff is an inmate of the Mississippi Department of Corrections (MDOC). According to the online records of MDOC, plaintiff is serving a five-year term of imprisonment for a sexual battery conviction and a 17-year term of imprisonment for an armed robbery conviction, both from Madison County. *See* www.mdoc.state.ms.us/InmateDetails.asp?PassedId=146872.

The named defendant is John Doe, the sentencing judge for plaintiff's criminal convictions in Madison County Circuit Court. Plaintiff asserts complaints regarding the validity of his

criminal convictions and sentences.  Specifically, plaintiff claims that he was improperly tried as an adult, that his speedy trial rights were violated, that his plea was involuntary, that he is innocent of the crimes, that he should have been sentenced to a mental hospital instead of a prison,[1] and that his sentence is excessive.  As relief, plaintiff seeks his release from incarceration and monetary damages.

## II. Analysis

The *in forma pauperis* statute mandates dismissal "at any time" if the court determines an action "is frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Since the court has permitted plaintiff Hayes to proceed *in forma pauperis* in this action, his complaint is subject to the case screening procedures set forth in 28 U.S.C. § 1915(e)(2).

### A. Release from incarceration

Initially, the court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is 42 U.S.C. § 1983.  *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994).  In contrast, habeas

---

[1]The court notes that the programs offered at EMCF include psychoactive services, therapeutic community, specialized group therapy, specialized individual counseling, and psychiatric review every 90 days.  *See* www.mdoc.state.ms.us/division_of_institutions.htm.

corpus provides the exclusive federal remedy available to a state prisoner challenging the fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *see also Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(internal quotations omitted)(finding a "prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement"). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Cook*, 37 F.3d at 168 (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)); *see also Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(release from incarceration is not available as relief in a suit filed pursuant to § 1983).  Plaintiff's claims regarding the validity of his criminal convictions challenge the fact or duration of his confinement, and thus are habeas in nature.  Therefore, plaintiff's request for release from incarceration will be dismissed from this § 1983 case, without prejudice.[2]

    **B. Request for monetary damages**

    Defendant, as the presiding judge for plaintiff's criminal cases, enjoys absolute immunity from damages when performing acts

---

[2]The court does not reach a determination of the viability of any possible habeas claims; nonetheless, the clerk is directed to mail plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

within his judicial capacity. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Judicial immunity can be overcome only by a showing that the actions complained of were non-judicial in nature, or by showing that the actions were taken in the absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991).

In determining whether a judge acted within the scope of his judicial capacity, the court considers four factors: "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Ballard v. Wall,* 413 F.3d 510, 515 (5th Cir. 2005)(citing *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993)). In applying the four factors, it is clear that defendant's actions were "judicial in nature." *Id*. at 517. Likewise, there are no claims that defendant lacked jurisdiction over plaintiff's criminal proceedings. *See* Miss. Code Ann. §9-7-81 (circuit court has original jurisdiction over state felony prosecutions). Therefore, defendant is entitled to absolute immunity from the claims presented in this suit.

With that said, the court also finds that in the event defendant is not entitled to absolute immunity, plaintiff's claims regarding the validity of his criminal convictions are

4

subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, where a § 1983 claim for damages would "necessarily imply" the invalidity of a conviction, such a claim is not cognizable unless and until the plaintiff obtains a favorable resolution of a challenge to his conviction. *Id*. at 487; *see also Boyd v. Biggers*, 31 F.3d 279, 284-85 (5th Cir. 1994).

If the court were to find in plaintiff's favor and determine that his criminal convictions are unconstitutional, it would necessarily imply the invalidity of his current term of imprisonment. Plaintiff has failed to demonstrate that his criminal convictions have been invalidated by any of the means set forth in *Heck*. Thus, plaintiff's claims for monetary damages are also barred by *Heck v. Humphrey*. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996)(holding claims dismissed under *Heck* are properly "dismissed with prejudice . . . until the *Heck* conditions are met").

### III. Conclusion

The court has considered the pleadings and applicable law. For the reasons stated, plaintiff's request for release from incarceration is properly pursued in a habeas corpus petition and will be dismissed from this § 1983 case without prejudice. Plaintiff's request for monetary damages will be dismissed as seeking relief against a defendant who is immune from such relief and as legally frivolous pursuant to 28 U.S.C. § 1915 (e)(2)(B),

with prejudice.  *See Boyd*, 31 F. 3d at 285 (affirming frivolous dismissal of § 1983 claim against trial judge based on absolute immunity); *Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996)(finding *Heck* barred claims are legally frivolous).  This dismissal will count as a "strike" in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(g).

A final judgment in accordance with this memorandum opinion will be entered.

SO ORDERED AND ADJUDGED, this the 19th  day of March, 2015.


                                    /s/Tom S. Lee
                                    UNITED STATES DISTRICT JUDGE